United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re.                                                                 No. C 06-4674 SI (pr)

DARREL VINCENT WHITE,                              **ORDER OF DISMISSAL**

        Petitioner.
_____/

## INTRODUCTION

Darrell Vincent White, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

White reports in his petition that he was convicted in 1993 in the Madera County Superior Court of aiding and abetting in rape and kidnapping with the intent to commit rape. His petition does not challenge his conviction but instead allegedly "challenges only the execution of the term imposed." Petition, p. 3. He allegedly exhausted his state court remedies before filing this action.

The claims asserted in the habeas petition are unusual and based on unusual facts. White states that, during a "computational analysis of the execution of [his] sentence," prison officials determined that there was a sentencing error. (White doesn't identify what that sentencing error was.) White further states that he exhausted administrative remedies and then sought habeas relief in the California Court of Appeal for the sentencing error, by filing an addendum to a

pending habeas petition in that court. A couple of months later, he received a docket sheet from the California Court of Appeal that reflected that legal mail sent to him had been returned to the court by the prison with a notation that he was deceased. The next entry on the docket sheet was the denial of his habeas petition. The implication is that the state court denied White's petition as moot because he was thought to be dead. White alleges that the false notification by prison officials to the court that he was dead, which allegedly resulted in the dismissal of his habeas petition "challenging execution of his sentence and claims against them," was "retaliation for exercising rights to petition the government for redress; to access the courts and a denial of liberty in violation of the First and Fourteenth Amendments to the United States Constitution." Petition, p. 8.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Where, as here, a successful challenge will not necessarily overturn a conviction or shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

1  Success in this action would not overturn White's conviction and would not necessarily
2  shorten his sentence. His petition does <u>not</u> claim that his sentence was incorrectly computed,
3  but rather that prison officials interfered with a state court case in which he was asserting that
4  claim. If he prevailed on the claims that he does allege -- i.e., retaliation and denial of access
5  to the courts -- White would establish only that the prison officials had interfered with the
6  pending action but not that he would have prevailed in the state court action and not that his
7  sentence was wrongly computed. His sentence thus would not be affected by a decision in this
8  action. White might be able to state a claim for relief in a civil rights action under 42 U.S.C. §
9  1983, but he does not state a claim for relief in a habeas action under 28 U.S.C. § 2254.

10  Although a district court may construe a habeas petition by a prisoner attacking the
11  conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983,
12  <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971), the court declines to do so here. The
13  difficulty with construing a habeas petition as a civil rights complaint is that the two forms used
14  by most prisoners request different information and much of the information necessary for a civil
15  rights complaint is not included in the habeas petition filed here. Examples of the potential
16  problems created by using the habeas petition form rather than the civil rights complaint form
17  include the potential omission of intended defendants, potential failure to link each defendant
18  to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt
19  whether the prisoner is willing to pay the $350.00 civil action filing fee rather than the $5.00
20  habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a
21  matter of using different pleading forms. A habeas action differs in many ways from a civil
22  rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may
23  be able to make credibility determinations based on the written submissions of the parties in a
24  habeas action, (3) state court (rather than administrative) remedies must be exhausted for the
25  claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge
26  of the prison, but he or she might not be able to provide the desired relief when the prisoner is
27  complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas
28  action. While a prisoner may think he has found a loophole that allows him to save $345.00 –

by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to challenge conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

The court also notes that there is no respondent in this action. The court will not require amendment to name a proper respondent because the action will be dismissed for the alternative reason that it fails to state a claim for habeas relief.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED for failure to state a claim for habeas relief. This dismissal is without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

DATED: August 16, 2006

_____
SUSAN ILLSTON
United States District Judge

4